GREG D. HORNE
Greg D. Horne, Esq. Chtd.
Attorney at Law
P.O. Box 477
Coeur d'Alene, Idaho 83816
(208) 664-2887
ISB No. 4655

Attorney for Plaintiff

STATE OF IDAHO } SS
COUNTY OF KOOTENAI
FILED

2011 APR 15 PM 4:54

CLERK DISTRICT COURT

_____ DEPUTY

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF KOOTENAI

| | |
|---|---|
| DONNA TRUEBLOOD,<br><br>          Plaintiff,<br><br>-vs-<br><br>UNITED STATES NATIONAL BANK OF OREGON, an Oregon corporation doing business as U.S. BANK; and U.S. BANK NATIONAL ASSOCIATION, a foreign corporation doing business as U.S. BANK,<br><br>          Defendants. | CASE NO. CV11-3242<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Fee Category: A<br>Filing Fee: $88.00 |

COMES NOW, the Plaintiff, DONNA TRUEBLOOD, by and through her attorney, Greg D.

Horne, and as and for cause of action against the defendants, claims and alleges as follows:

### FIRST CAUSE OF ACTION - LIBEL

**I.**

At all times material hereto, Plaintiff was and is a resident of Kootenai County, State of Idaho.

**II.**

At all times material hereto, Defendant, United States National Bank of Oregon, was and is a

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

ASSIGNED TO
JUDGE MITCHELL


EXHIBIT C

corporation organized and existing under the laws of the State of Oregon, doing business as a bank and credit institution in Kootenai County, State of Idaho as "U.S. Bank".

### III.

At all times material hereto, Defendant, U.S. Bank National Association, was and is a foreign corporation of unknown origin located in Minneapolis, Minnesota, doing business as a bank and credit institution in Kootenai County, State of Idaho as "U.S. Bank".

### IV.

All actions of the employees and agents of the Defendant hereinafter alleged were said and done in the course and scope of their employment with the Defendant.

### V.

All actions hereinafter alleged occurred within Kootenai County, State of Idaho.

### VI.

Plaintiff was an employee of one of the Defendants from, on or about October 30, 2006, to on or about June 11, 2009, working as a service advisor and performed her duties in a satisfactory manner and had received verbal and written accolades regarding her work with the said Defendant.

### VII.

The Plaintiff has been unable to ascertain the true corporate identity of the company doing business as "U.S. Bank" and for which she was employed. Therefore, both Defendants, who have filed a Certificate of Assumed Business Name with the Idaho Secretary of State, have been named herein. Any reference herein to the Defendant is intended to refer to company doing business as "U.S. Bank" for which the Plaintiff was employed.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

### VIII.

On or about April, 2009, Plaintiff contacted her father to ask if he would agree to be listed on a joint credit card with Plaintiff. Her father agreed to do this and Plaintiff began a search for the best terms for a new credit card. Approximately May, 2009, Plaintiff discovered the best terms for such a card were with the Defendant, her employer. Plaintiff applied for a joint credit card in her father's name. After she applied, Defendant's agents contacted Plaintiff's father and informed him that "someone" was fraudulently trying to apply for a credit card in his name and did not identify who the "someone" was. They then asked if he had applied for a credit card and the Plaintiff's father said no. The Defendant's agent informed the Plaintiff's father that the actions of the unidentified person constituted fraud. When the Plaintiff's father asked for the identity of the person, Defendant's agents then identified the Plaintiff and her father said that this had been previously arranged and was agreeable to him. The Defendant's agents then contacted the Plaintiff and learned from her that she had applied for the card for the reasons stated above and that her father would confirm that he had agreed to the credit card two months earlier. Her father did confirm this with the Defendant.

### IX.

Subsequent to this, on or about June 11, 2009, Defendant's agents informed the Plaintiff that her employment with the Defendant was terminated because she broke the "Code of Ethics". Defendant then maliciously went through Plaintiff's desk and removed all her awards, certificates, monthly evaluations and informed Plaintiff that they had been shredded. Her personal belongings, which were maliciously destroyed also, included personal items that did not belong to the Defendant.

After terminating the Plaintiff, the Defendant then proceeded to maliciously place a report on

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

her credit report which stated, "High Risk Fraud Alert". This report is available to all employers who chose to do a background check on prospective employees including the Plaintiff.

As a direct and proximate result of the actions of the Defendant, Plaintiff has been caused to suffer general damages in the form of mental distress, anguish, humiliation and a loss of enjoyment of life. Further, Plaintiff has been caused to suffer special damages in the form of lost income and benefits due to the termination and the "High Risk Fraud Alert" placed by the Defendant and associated with her name. The precise amount of the Plaintiff's damages shall be established at the trial of this matter, but the same are in excess of $10,000.00.

X.

The actions of the Defendant, by and through its agents, constitute the tort of libel with express malice.

XI.

Plaintiff has been forced to retain an attorney to prosecute this action, and is entitled to the recovery of costs and reasonable attorney's fees incurred herein. In the event of default, $3,000.00 is a reasonable sum for attorney's fees.

**SECOND CAUSE OF ACTION - SLANDER**

XII.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs I through XI of the First Cause of Action, as though fully set forth herein.

XIII.

The actions of the Defendant constitute slander with express malice.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

### THIRD CAUSE OF ACTION – LIBEL PER SE

#### XIV.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs I through XI of the First Cause of Action, as though fully set forth herein.

#### XV.

The Defendant's false accusations of fraud and placement of the fraud alert on the Plaintiff's credit report imputed to the Plaintiff conduct constituting a criminal offense chargeable by indictment or information at common law or by statute and of such kind as to involve imprisonment had such accusations been true. The Defendant's actions also falsely imputed to the Plaintiff conduct involving moral turpitude, conveying the idea of major social disgrace.

#### XVI.

The Defendant's false accusations of fraud and placement of the fraud alert on the Plaintiff's credit report also ascribed to the Plaintiff, conduct, characteristics or a condition incompatible with the proper conduct of her lawful business, trade or profession.

#### XVII.

The actions of the Defendant constitute libel per se with express malice.

### FOURTH CAUSE OF ACTION – SLANDER PER SE

#### XVIII.

Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs I through XI of the First Cause of Action, and Paragraphs XIII and XIV of the Third Cause of Action, as though fully set forth herein.

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

## XIX.

The actions of the Defendant constitute slander per se with express malice.

**FIFTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY**

## XX.

Plaintiff realleges and incorporates be reference the allegations set forth in Paragraphs I through XX of the First Cause of Action, as though fully set forth herein.

## XXI.

Plaintiff had a valid economic expectancy in her employment with the Defendant, and with other employers after her wrongful termination.

## XXII.

The Defendant had either actual knowledge of the Plaintiff's expectancy or knew of facts which would have led a reasonable person to believe that such an interest existed.

## XXIII.

The Defendant intentionally interfered with the Plaintiff's expectancy inducing termination of the expectancy.

## XXIV.

The Defendant's termination of the Plaintiff's expectancy was wrongful in its purpose, means and/or for other reasons above and beyond the interference itself.

## XXV.

The actions of the Defendant constitute an Intentional Interference with a Business Expectancy, and these actions have caused the Plaintiff significant damage.

Wherefore, Plaintiff prays for Judgment against the Defendant as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

1. For an award of general damages for mental distress, anguish, humiliation, and loss of enjoyment of life.

2. For an award of special damages for loss of income and benefits.

3. The precise amount of Plaintiff's damages, as hereinabove claimed, will be established at the trial of this matter, but the same are in excess of the jurisdictional limits of the Magistrate's Court.

4. For an Order to remove the "High Risk Fraud Alert" placed on Plaintiff's credit history with an appropriate retraction to each potential employer from whom Plaintiff sought work.

5. For costs and attorney's fees incurred in the prosecution of this matter. In the event of default, the sum of $3,000.00 should be awarded as attorney's fees.

6. For such other and further order as may be deemed appropriate for the Court to order.

PLAINTIFF HEREBY DEMANDS A JURY OF TWELVE (12) PERSONS.

DATED this 15th day of April, 2011.

GREG D. HORNE
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

STATE OF IDAHO     )
                   ) ss.
County of Kootenai )

DONNA TRUEBLOOD, being first duly sworn, deposes and says:

That she is the plaintiff in the above-entitled action; that she has read the within and foregoing Complaint, knows the contents thereof, and the facts therein stated are true and correct to the best of her information and belief.

_____
DONNA TRUEBLOOD

SUBSCRIBED AND SWORN to before me this 15th day of April, 2011.

_____
Notary Public for Idaho
Residing at: Coeur d'Alene, Idaho
Commission Expires: 10/02/2014

COMPLAINT AND DEMAND FOR JURY TRIAL - 8