UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DONNA TRUEBLOOD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　Defendant. | Case No. 2:11-CV-00229-EJL<br><br>**ORDER** |

　　Defendant in this case filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 seeking to invoke this Court's jurisdiction on diversity grounds as well as original jurisdiction. (Dkt. No. 1.) The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand.[1] *Gaus v. Miles, Inc.*, 980 F.2d

---

[1] This Court always undertakes an immediate review of a newly filed case to confirm that federal jurisdiction is proper. *See Wisconsin Knife Works v. National Metal*

**ORDER - 1**

564, 566 (9th Cir. 1992). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide this matter based on the record.

## Discussion

**1.     Federal Question Jurisdiction**

Defendant argues removal is appropriate here because the Court has federal question jurisdiction. (Dkt. No. 1.) Federal question removal is appropriate under § 1331 which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...to the district court of the United States...." 28 U.S.C. § 1441(a).

Here, the underlying state court action attempting to be removed is a civil action, based on Idaho state law, asserting claims for 1) Libel, 2) Slander, 3) Libel Per Se, 4) Slander Per Se, and 5) Intentional Interference with Business Expectancy. (Dkt. No. 1, Complaint.) Defendant contends that "the Complaint alleges a cause of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681t." (Dkt. No. 1, p. 2.) In particular,

---

*Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

Defendant points to the allegation in the Complaint that Defendant "then proceeded to maliciously place a report on her credit report which stated 'High Risk Fraud Alert.'" (Dkt. No. 1, p. 3), (quoting Complaint.) Such claim, Defendant argues, is preempted by the FCRA and, therefore, is properly removable.

"Removal based on federal preemption is limited to exceptional circumstances." *Sehl v. Safari Motor Coaches, Inc.*, No. C 01-1750SI, 2001 WL 940846, at *3 (N.D. Cal. Aug. 13, 2001) (citing *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998)). "Ordinarily, federal preemption is used as a defense to the plaintiff's suit; therefore it does not appear on the face of a well-pleaded complaint and does not warrant removal to federal court." *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).[2] One exception to this rule is the "'complete preemption' doctrine, which permits removal when Congress has 'so completely pre-empted a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Id.* (quoting *Metropolitan Life*, 481 U.S. at 63-64). "Where federal law completely preempts the entire subject matter of the claim, and supplants any state law claim so that the only viable claim is the one created under federal law, the claim may be removed." *Id*. (citations omitted). Such a "determination is based on Congressional intent and requires a court to find that Congress 'has clearly manifested an

---

[2] In *Metropolitan Life*, the Supreme Court held that complete preemption under ERISA was a proper basis for removal of a complaint that, on its face, asserts only state law claims. There the Supreme Court stated that a "cause of action arises under federal law only when the plaintiff's well pleaded complaint raises issues of federal law." *Metropolitan Life*, 481 U.S. at 63.

**ORDER - 3**

intent to make causes of action within the scope of [the statute] removable to federal court.'" *Id.* Defendant have not made such a showing here.

Defendant points to § 1681t(b) and § 1681p to show FCRA preempts the state law claims. These provisions, however, do not completely preempt state laws so as make removal appropriate in this case. *See Sehl*, 2001 WL 940846, at *5-6; *Pitts v. Bank of America Corp.*, No. 2:10-cv-1463, 2010 WL 5441678, at *2 (W.D.Pa. Dec. 28, 2010) (The scope of FCRA preemption is "unsettled" and, as such, the Court finds Defendant has failed to show federal question jurisdiction exists here.); *Elias v. Chase Bank USA, N.A.*, Civil Action No. 2:09cv250-KS-MTP, 2010 WL 384527 (S.D. Miss. Jan. 27, 2010). At best, Defendant's preemption argument is an affirmative defense. Federal preemption as a defense, however, does not create removal jurisdiction. *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12 (1983) (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 116 (1936)).

Moreover, the claims asserted in this case are quintessential state law claims from which no federal question jurisdiction arises. *See* 28 U.S.C. §§ 1331 and 1441. The quoted language in the Complaint relied on by Defendant is contained in Plaintiff's claim for Libel. (Dkt. No. 1, Complaint, ¶ IX.) The claim alleges Defendants placed the alert on her credit report which is available to all employers who may do a background check of prospective employees. Such allegations raise a purely state law claim. The same is true of Plaintiffs' other claims, all of which allege arguments giving rise to state law claims. Because any doubt

as to the right of removal is resolved in favor of remand, the Court will remand this action to state court.[3] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Pitts*, 2010 WL 5462512.

## 2. Diversity Jurisdiction

Additionally, Defendant argues there is diversity jurisdiction in this case as the amount in controversy exceeds the statutory minimum of $75,000. (Dkt. No. 1.) A federal case opened after January 19, 1997, that relies on § 1332 as a source of jurisdiction, must satisfy a jurisdictional minimum of $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 375 n.1 (9th Cir. 1997). Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, the removing defendant must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567 (emphasis in original); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) (holding that "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court").

---

[3] This Court always undertakes an immediate review of a newly filed case to confirm that federal jurisdiction is proper. *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

**ORDER - 5**

In this case, Defendant has failed to make the necessary showing for diversity jurisdiction. There is nothing contained in the Notice of Removal indicating that the damages contained in the Complaint are such that they meet the $75,000 requirement. Defendant has "offered no facts whatsoever to support the court's exercise of jurisdiction." *Gaus*, 980 F.2d at 567. The failure to make any showing "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." *Id.; see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 n.5 (9th Cir. 1996). Further, because Plaintiff does not expressly seek damages that exceed $75,000 and because the Plaintiff's claims do not necessarily involve damages in excess of the jurisdictional minimum, it is not "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). As such, this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. *See Singer*, 116 F.3d at 376-77 (explaining that "where the plaintiff does not claim damages in excess of $[75,000] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds $[75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

## **ORDER**

Based on the foregoing, and being fully advised in the premises, IT IS HEREBY ORDERED that this matter is **REMANDED** to the First Judicial District of the State of Idaho, in and for the County of Kootenai, Case Number CV-11-0003242. The Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **May 19, 2011**

Honorable Edward J. Lodge
U. S. District Judge